UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN HOLLAND,

Plaintiff,

v.                               4:14-cv-60

DISTRIBUTION SERVICES
INTERNATIONAL, INC.,

Defendant.

## ORDER

### I. INTRODUCTION

Defendant Distribution Services International, Inc. ("DSI"), moves the Court for summary judgment on two claims brought by John Holland. ECF No. 16. The Court *GRANTS* DSI's Motion in part and *DENIES* it in part.

### II. BACKGROUND

Holland was an employee of Sullivan Staffing, Inc. ("Sullivan Staffing"), a staffing agency who placed him with DSI. ECF Nos. 17 at 1; 21-1 at 1. He first was hired as a checker foreman before taking on a role as a dispatcher from May through November 2013. ECF Nos. 17 at 1; 16-2 at 8.

Like many hourly employees, Holland filled out timecards to document his work hours. ECF No. 17 at 3. Holland was responsible to complete his timesheets accurately and truthfully. *Id.*

While employed as a dispatcher, Holland told his supervisor, Shannon Bunton, that he suffered from Post-Traumatic Stress Disorder ("PTSD"). ECF Nos. 17 at 2; 21-1 at 2; *see also* ECF No. 16-7 at 3. He also spent time away from work for PTSD treatment, ECF Nos. 17 at 2; 21-1 at 4, and was briefly hospitalized for lithium toxicity due to an error in his medication. ECF No. 16-2 at 17.

Holland had trouble interacting with his coworkers, and he was disciplined several times for this. ECF Nos. 17 at 2; 21-1 at 2-3. At one point, Bunton gave Holland an official warning that he had been speaking in a way that demeaned a coworker. ECF Nos. 17 at 2; 21-1 at 3. She "directed him to stop." ECF No. 21-1 at 3; *see also* ECF No. 16-7 at 9.

On November 7, 2013, a company manager instructed Holland regarding his management of containers. ECF Nos. 16-7 at 5; 17 at 3. In response, Holland argued with the manager, used profanity, and refused to follow his instructions. *Id.*; *see also* ECF No. 16-2 at 22. As a result, DSI immediately began seeking a replacement for Holland. ECF No. 17 at 3. Holland ultimately was fired on November 12, 2013. *Id.*

In this action, Holland advances three claims. First, he alleges that DSI discriminated against him in violation of the Americans with Disabilities Act ("ADA"). ECF No. 1 at 12. Second, he alleges that DSI failed to pay him for the work he performed during his lunch breaks. ECF No. 1 at 14. Third, he alleges that DSI violated Georgia law by failing to pay him sufficiently. ECF No. 1 at 15.

DSI timely removed this action from state court and has filed this Motion for

Summary Judgment on Holland's first two claims only. ECF No. 16.

## III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on summary judgment, the Court views the facts and inferences from the record in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008). Courts, moreover, may consider all materials in the record, not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Reese*, 527 F.3d at 1268 (internal quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The nonmoving party then "may not rest upon the mere allegations or denials of [its] pleading[s], but . . . must set forth specific facts showing that there is a genuine issue for trial." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material only if it might affect the outcome of the suit under governing law. *See Anderson*, 477 U.S. at 248.

## IV. ANALYSIS

### A. ADA Claim

DSI first seeks summary judgment on Holland's claim of discrimination under the ADA. ECF No. 16 at 10.

Absent direct evidence of unlawful discrimination, a plaintiff must "present[] circumstantial evidence of discrimination under the framework established in *McDonnell Douglas Corp. v. Green*." *McCloud v. Potter*, 257 F. App'x 185, 187 (11th Cir. 2007). Under *McDonnell Douglas*, the plaintiff must first make out a prima facie case of discrimination. *Id.* "To establish a prima facie case of discrimination . . . an individual must show that (1) he has a disability; (2) he is otherwise qualified for the position; and (3) he was subjected to unlawful discrimination as the result of his disability." *Sutton v. Lader*, 185 F.3d 1203, 1207 (11th Cir. 1999). In demonstrating the third element, the plaintiff needs only to present "facts from which an inference of discrimination can be made." *Brandon v. Lockheed Martin Aeronautical Sys.*, 393 F. Supp. 2d 1341, 1346 (N.D. Ga. 2005).

After the plaintiff sets forth the prima facie case, the burden shifts to the employer, who "must articulate a legitimate, non-discriminatory reason for the challenged action." *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001). Once the

2

defendant articulates a nondiscriminatory reason,

> the presumption of discrimination is eliminated and the plaintiff has the opportunity to come forward with evidence . . . sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision. If the plaintiff fails to proffer sufficient evidence to create a genuine issue of material fact as to whether each of the defendant's proffered reasons is pretextual, the defendant is entitled to summary judgment.

*Id.* at 1243 (citations and quotations omitted); *see also Moore v. Ga. Dep't of Corr.*, 2014 WL 4776714, at *5 (S.D. Ga. Sept. 15, 2014) ("If plaintiff fails . . . to rebut the employer's proffered legitimate reason for its actions, summary judgment is appropriate in favor of the defendant.").

Unsurprisingly, there is no direct evidence of discrimination in the record. Thus, the Court looks for circumstantial evidence and for Holland to make out a prima facie case. Holland has presented unrebutted evidence that he suffers from PTSD. *See* ECF No. 16-12 at 5. He has also alleged that his PTSD led to his termination. ECF No. 1 at 12. Therefore, taking the facts in the light most favorable to Holland, the non-moving party, the Court finds that Holland has made out a prima facie case of disability discrimination.

The Court also finds that DSI has provided a legitimate, nondiscriminatory reason for Holland's termination. The employer's burden is slight; it need only "'raise[] a genuine issue of fact as to whether it discriminated against the plaintiff.'" *Wascura*, 257 F.3d at 1243 (quoting *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc)). DSI has presented evidence that tends to show that Holland was fired because of his insubordination and unwillingness to follow instructions. *See* ECF Nos. 16-2 at 22; 16-7 at 5; 17 at 3. This constitutes a legitimate, nondiscriminatory reason for Holland's termination.

Therefore, the Court now looks to whether Holland has demonstrated that DSI's reason is merely pretextual. To show pretext, a plaintiff must provide evidence "'sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision.'" *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006) (quoting *Chapman*, 229 F.3d at 1024). Evidence of pretext can include a "failure to articulate clearly and consistently the reason for an employee's discharge." *Id.* "[A]n employer's deviation from its own standard procedures may [also] serve as evidence of pretext." *Id.* at 1299.

Holland has not presented any argument or evidence to demonstrate that DSI's reason for firing him was pretextual, choosing instead to reiterate that he has made out a prima facie case. *See* ECF No. 21 at 7-12. He has not argued that DSI "fail[ed] to articulate clearly and consistently the reason for [his] discharge." *See id.* at 1298. Nor has Holland argued that DSI departed from its own standard procedures. *See id.* at 1299.

3

Holland does not dispute that he was fired because of his inability to work with his coworkers. ECF No. 21 at 11. He argues this behavior was caused by his PTSD, *id.*, but he provides no evidence that DSI knew that his PTSD could cause such behavior. In his Brief Opposing Defendant's Motion for Summary Judgment, Holland points to two individuals who knew of his PTSD, including Bunton. ECF No. 12 at 3. However, he did not tell either individual that PTSD could cause insubordination, disrespect to superiors, or an inability to comply with orders. Holland has not alleged that he was fired solely for having PTSD, which is all that he has alleged that DSI was aware of. He proposes that the Court "infer" that DSI was aware of a connection. ECF Nos. 21 at 11; 21-1 at 4. The Court declines, since such an inference, without more, is not reasonable.

Because Holland has failed to argue—let alone demonstrate—that DSI's justification is mere pretext, DSI is entitled to summary judgment. *See Wascura*, 257 F.3d at 1243. ("If the plaintiff fails to proffer sufficient evidence to create a genuine issue of material fact as to whether each of the defendant's proffered reasons is pretextual, the defendant is entitled to summary judgment.").

### B. FLSA Claim

DSI also moved the Court for summary judgment on Holland's claim for damages under the Fair Labor Standards Act ("FLSA"). Holland alleges that he was directed to record a lunch period on his timecards even though he was required to work through lunch. ECF No. 1 at 14. Holland was never paid for these periods; therefore, he seeks compensation. *Id.*

The FLSA requires that employees be paid for all hours worked and paid overtime for hours worked in excess of forty per week. 29 U.S.C. § 207(2). In order to recover under a FLSA claim for unpaid wages, a plaintiff must show that he was "suffered or permitted to work without compensation." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007). "Courts have interpreted this to mean that a FLSA plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) the [employer] knew or should have known of the overtime work." *Id.* at 1314-15. If an employee prevents an employer from learning about his uncompensated work, the FLSA is not violated: "[t]here is no violation of the FLSA where the employee performs uncompensated work but deliberately prevents his or her employer from learning of it." *Id.* at 1319.

A meal time is not work. 28 C.F.R. § 785.19(a) ("[B]ona fide meal periods are not worktime."). In order for a meal to qualify as a bona fide meal period, "[t]he employee must be completely relieved from duty for the purposes of eating regular meals." *Id.* As the Eleventh Circuit has noted, "the essential consideration in determining whether a meal period is a bona fide meal period or a compensable rest period is whether the employees are in fact relieved from work for the purpose of eating a regularly scheduled meal." *Kohlheim v. Glynn Cnty., Ga.*, 915 F.2d 1473, 1477 (11th Cir. 1990). In short, if an employee spends

her lunch period working, she ought to be compensated for her time.

Two questions remain unclear from the record and are disputed by the parties: whether Holland actually worked during his lunch period, and, if he did not, whether DSI knew that he did not. Holland testifies that he did actually work during lunch. ECF No. 16-2 at 28. In fact, he alleges that he was instructed to do so. ECF No. 1 at 14. In response, DSI points to timecards that Holland signed, indicating he did not work during lunch. His supervisor, Shannon Bunton, testified that, although "DSI requires that all employees take a thirty minute break," she had no way of knowing what time Holland actually took lunch on a given day. ECF No. 16-7 at 7. The record is thus in dispute as to whether Holland spent his lunch period engaged in activities predominantly for his own benefit or for DSI's.

A dispute also exists with regard to the extent of DSI's knowledge. Holland alleges that DSI "directed" him not to record his lunch period as time worked. ECF No. 1 at 14. He points to two specific people who instructed him to do this: the person whose position Holland filled, and Bunton. ECF No. 16-2 at 28, 30. In her affidavit, Bunton testified that she did not know whether Holland was working during lunch. ECF No. 16-7 at 7. She also testified that "[o]vertime is very common in the dispatch position and is rarely questioned." *Id.* The other person Holland claims told him to submit incorrect timecards was not deposed.

Whether Holland spent his lunch period engaged in work activities is a question of fact. *See Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 265 (5th Cir. 1998) ("Whether meal time is predominantly for the benefit of the employer is a question of fact that is ordinarily resolved by the trier of fact after hearing all of the evidence."). Whether DSI knew that Holland was working during his lunch period is also a question of fact. Because there a genuine issue of material fact exist as to each of these questions, summary judgment is inappropriate.

Therefore, the Court denies DSI's request for summary judgment on Holland's FLSA claim.

## V. CONCLUSION

The Court **GRANTS** summary judgment to DSI on Holland's ADA claim and **DENIES** summary judgment on Holland's FLSA claim. Because neither party sought summary judgment on Holland's claim under Georgia law, ECF No. 1 at 15, that claim remains as well.

The Court **ORDERS** that the parties are to submit a pretrial order within 30 days of this order.

This 18 day of November 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5